IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CHARMAYNE PULE., *et al*.,<br><br>Plaintiffs,<br><br>v.<br><br>BOBBY L. MACOMBER, *et al.*,<br><br>Defendants. | Case No. 17-cv-00193-DKW-KJM<br><br>**ORDER REMANDING ACTION TO STATE CIRCUIT COURT FOR LACK OF SUBJECT MATTER JURISDICTION** |

This matter comes before the Court following briefing on matters related to the Court's jurisdiction over both certain claims alleged by the parties and this case generally.   Having reviewed the same, as well as the other filings in this case, the Court finds that original jurisdiction did not exist over this case when it was removed because there was and is substantial doubt as to whether the then-operative complaint raised a question of federal law, the sole basis cited in support of removal.   Therefore, as more fully explained below, this case is REMANDED to the Third Circuit Court for the State of Hawaiʻi.

## LEGAL STANDARD

Pursuant to Section 1441(a) of Title 28, any civil action brought in a State court may be removed to federal court by a defendant provided that the federal court would have original jurisdiction over the action.   As pertinent here, pursuant

to Section 1331 of Title 28, this Court has original jurisdiction over all civil actions involving federal law, such as civil rights statutes like Section 1983 of Title 42.[1]

"As a general rule, '[t]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'"   *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health and Envtl. Quality of the State of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)) (internal quotation omitted).   Further, the existence of removal jurisdiction based upon a federal question is judged as of the time the removal petition is filed. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979).

Pursuant to Section 1447(c) of Title 28, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   28 U.S.C. § 1447(c).   The burden of establishing this Court's subject matter jurisdiction "rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation

---

[1]Pursuant to Section 1332(a)(1) of Title 28, this Court also has original jurisdiction over civil actions involving an amount in controversy in excess of $75,000 and citizens of different States. For good reason, however, no party here has ever contended that the Court's diversity jurisdiction is at play.

omitted).   "[A]ny doubt about the right of removal requires resolution in favor of remand."   *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

## RELEVANT PROCEDURAL BACKGROUND

On April 27, 2017, Defendants County of Hawaiʻi and Darren Cho (collectively, "County Defendants") removed this action from the Third Circuit Court, pursuant to 28 U.S.C. Section 1441.   Dkt. No. 1.   At that time, the Second Amended Complaint (SAC) was the operative complaint in the case.   Dkt. No. 1-2.   In their notice of removal, the County Defendants asserted that this Court had jurisdiction under Section 1441 because the case involved "a claim of rights under the United States Constitution."   Dkt. No. 1 at 3.   More specifically, the County Defendants asserted that damages were sought "for violations of Plaintiff[s]' 'protected civil rights,' which if proven would constitute a violation of the United States Constitution."   *Id*.

On May 12, 2017, a status conference was held before the Court.   Dkt. No. 15.   At said conference:

> The court questioned whether the [SAC] was properly removed to this court (that is, whether the SAC conferred federal-question jurisdiction). Counsel for Plaintiff represented that the SAC was intended to raise a claim under 42 U.S.C. section 1983 under a theory of conspiracy between state actors and non-state actors. Given that the SAC is not clear in this regard, and given the different pleading

3

standards in state and federal court (in federal court a complaint must comply with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)), the court and the parties agreed that the Plaintiffs should be given leave to file a Third Amended Complaint (TAC). The TAC may not add new parties or causes of action, but may clarify the claims, including that one or more claims are brought under section 1983 and how the non-state actors can be liable under section 1983 under a conspiracy theory.

*Id.* (case italics added).[2]

On January 24, 2018, this action was stayed by the Court.   Dkt. No. 57.[3] After various attempts at settlement failed, the stay was lifted on July 27, 2021 and the Court directed briefing on whether supplemental jurisdiction existed over certain claims.   Dkt. No. 81.   On August 13, 2021, the parties filed their supplemental jurisdiction briefing.   Dkt. Nos. 82-83.   Thereafter, the Court directed further briefing on whether removal jurisdiction existed over this case. Dkt. No. 84.   On August 31, 2021, the Court received the parties' briefing on removal jurisdiction.   Dkt. Nos. 86-87.   This Order follows.

## DISCUSSION

In answering whether federal question, and, by extension, removal jurisdiction, existed here at the time of the notice of removal, the Court begins and

---

[2]On the same day, but after the status conference, this case was re-assigned to the undersigned. Dkt. No. 16.
[3]By that time, in fact, within a month of removing this case, the County Defendants had been voluntarily dismissed from the action with prejudice.   Dkt. No. 17.

ends, as it must, with the SAC−the operative complaint at that time.   Review of the SAC reflects that there is no federal question presented on its face, at least not one without substantial doubt.   In summary, the SAC reflects the following claims: (1) intentional and/or negligent interference with the right to peaceable worship; (2) intentional and/or negligent interference with the right to visit ancestral grave sites and to enjoy the benefits and honor as elected officials; (3) intentional and/or negligent interference with plaintiffs' ability to fulfill duties and obligations to Church as officers and enjoy benefits and honor as elected officers; (4) conversion and/or misappropriation of insurance proceeds; and (5) civil conspiracy.   On their face, none of these claims present a federal question. Rather, they all involve state law issues of alleged tortious or fraudulent conduct.[4]

Perhaps understanding the lack of an asserted federal claim on the face of the SAC, Plaintiffs, in their removal briefing, contend that, under pleading standards in Hawaiʻi, they are not required to state a cause of action.   *See* Dkt. No. 87 at 3-5.   Instead, Plaintiffs contend that, in state court, they are only required to provide "notice" of their claims.   *See id*.   Accepting those premises as true for

---

[4]In Hawaiʻi, civil conspiracy is not a standalone claim.   *Weinberg v. Mauch*, 890 P.2d 277, 286 (Haw. 1995).   Instead, such a "claim" must set forth an actionable underlying cause of action. *Id*.   Here, the purportedly actionable claims alleged to involve a civil conspiracy were the same as the first four claims set forth above, *e.g*., "rights to perform their duties, and to enjoy the benefits, honor, and privileges as the elected Officers…."   SAC at ¶ 110, Dkt. No. 1-2.

purposes of the instant analysis, Plaintiffs ignore the fundamental problem that
remains unresolved no matter the pleading standard used: the SAC does not
provide "notice" of a federal claim.   The headings Plaintiffs chose for their own
claims do not.   Moreover, not once, anywhere, does the SAC mention a federal
law or the U.S. Constitution, including the law upon which Plaintiffs now insist a
claim is brought, Section 1983.   In fact, the only authority mentioned as the basis
for the claims alleged in the SAC is *state* law and *state* rules of civil procedure.
SAC at ¶ 116, Dkt. No. 1-2.

As important, while the underlying allegations in the SAC involve alleged
"protected civil rights," such as the right to fulfill the duties of a Church officer
and to visit ancestral grave sites, Plaintiffs provide no support that such rights
necessarily implicate federal law.[5]   These alleged civil rights could as easily
concern the Hawaiʻi State Constitution as the U.S. Constitution.   Even the civil
conspiracy claim, upon which Plaintiffs now place all of their emphasis, could as
easily concern state law as it could Section 1983.   Put simply, however liberally

---

[5]That being said, Defendants' argument that the decision on whether to remand this case "rests"
on the "viability" of any alleged federal claims is simply incorrect.   *See* Dkt. No. 86 at 1-4.
The "viability" of Plaintiffs' claims would be tested by way of a dispositive motion, but only if
this Court had jurisdiction to hear such a merits-based challenge.   *See Libhart*, 592 F.2d at 1065-
66.   Here, the issue is whether the Court has such jurisdiction, which requires the Court to
consider whether the SAC presents a federal question, not the viability of any such question.

the Court may construe Plaintiffs' counseled SAC, it is simply not possible to find that doubts do not exist about the propriety of removal.

Plaintiffs' remaining arguments offer no help.   They argue that the SAC must include a federal claim because a State court judge directed them to include one.   Dkt. No. 87 at 2-3.   To the extent relevant, that assertion is untrue.   There is no such direction reflected in the State court's order referenced by Plaintiffs. Rather, the order directs Plaintiffs to identify certain defendants by amendment. Dkt. No. 87-1, Exh. A, at 3.   More importantly, even if the State court directed the assertion of a federal claim, that is of no import if the SAC−the only document of any relevance in this analysis−failed to do so.   And, here, as discussed, at the very least, the SAC does not do so with any clarity.

Plaintiffs also argue that this Court has already resolved whether the SAC alleged a federal claim.   The Court has not.   Rather, the Entering Order to which Plaintiffs cite reflects that the judge who entered said Order found the SAC to "not [be] clear" with respect to whether a federal claim had been asserted.   *See* Dkt. No. 15.   As discussed, when there is doubt or the operative complaint is "not clear[,]" remand is required.   *See Moore-Thomas*, 553 F.3d at 1244.   Further, even if the Court and the parties had reached some past resolution on this subject, a federal court's subject matter jurisdiction cannot be obtained by consent.   *See*

*Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988); *In re Consol. Meridian Funds*, 511 B.R. 140, 145 (W.D. Wa. 2014).

<u>**CONCLUSION**</u>

For the reasons set forth herein, this case is REMANDED to the Third Circuit Court for the State of Hawaiʻi, pursuant to Section 1447(c) of Title 28. The Clerk is instructed to mail a certified copy of this Order to the clerk of the Third Circuit Court and then CLOSE this case.[6]

IT IS SO ORDERED.

Dated: September 8, 2021 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Charmayne Pule, et al v. Bobby L. Macomber, et al;* Civil No. 17-00193 DKW-KJM; **ORDER REMANDING ACTION TO STATE CIRCUIT COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

---

[6]Because the Court finds that removal jurisdiction did not exist in this case, the question of whether supplemental jurisdiction existed over certain claims is moot and, therefore, not addressed herein.